CASE 3.—ACTION BY BINA E. SPEERS MAKIBBEN'S GUARDIAN, AGAINST THE TRUSTEES OF THE ELIZABETH SPEERS' MEMORIAL HOSPITAL AND OTHERS FOR CERTAIN MONEY ALLEGED TO BE DUE HIS WARD.—June 4.

# Trustees Elizabeth Speers' Memorial Hospital v. Makibben's Guardian

Appeal from Campbell Circuit Court.

A. S. BERRY, Circuit Judge.

Judgment for plaintiff.    Defendant appeals.—Affirmed.

1. Guardian and Ward—Actions—Parties—Allowance of Guardian's Compensation.—Where, after a suit was instituted by a guardian, the ward became of age and was joined as a plaintiff, the guardian was properly allowed to remain a party to the action and have his compensation for services as guardian allowed therein.

2. Wills—Construction—Estate in Trust—Capital and Income.— A testatrix bequeathed to her adopted daughter "a sum of money sufficient for her support and education until she marries or arrives at the age of 21 years * * * and I direct my executors * * * to set apart out of my estate * * * $10,000 for that purpose. Any balance that may remain of said fund after the execution of said purpose shall become a part of my general estate." Held, that the executors were not confined to the income of the fund, but were authorized to use the entire fund for the support and education of the ward.

3. Guardian and Ward—Compensation—Payment.—Where compensation was promised a guardian by the executors before his services incident to the education and maintenance of the ward were performed, it was proper to order its payment out of the fund provided for the ward's support and education.

Trustees E. Speers' Mem. Hospital v. Makibben's Guardian.

HODGE & WOLFF and J. C. WRIGHT for appellants.

C. T. BAKER for appellees.

OPINION OF THE COURT BY JUDGE SETTLE.—Affirming.

Elizabeth L. Spears, of Campbell county, Ky., died in 1894, leaving an estate of the value of $200,000. She also left a will by which, after certain specific bequests,, the residue and bulk of her estate was devised to her executors, in trust for the erection and endowment of an eleemosynary institution, in or near the city of Newport, to be called the "Elizabeth Speers Memorial Hospital." The hospital was established by the trustees soon after the death of the testatrix, and has ever since been maintained, as required by her will. Among the special bequests made by Mrs. Speers' will were the following:

"I give and bequeath to Bina Elizabeth Speers Makibben the sum of $10,000.00 to be paid to her when she arrives at the age of twenty-one years; said money to remain in the hands of my executors until she arrives at said age and she is to have no interest in the same unless she does arrive at said age."

"I also give and bequeath to said Bina Elizabeth Speers Makibben a sum of money sufficient for her support and education until she marries or arrives at the age of twenty-one years, whichever event first happens; and I direct my executors hereinafter named to set apart out of my estate the sum of $10,000.00 for that purpose. Any balance that may remain of said fund after the execution of said purpose shall become a part of my general estate. Said money is to remain in the hands and under the control of my executors, and no part of the same is to be paid at any time to

Trustees E. Speers' Mem. Hospital v. Makibben's Guardian.

any statutory or other guardian she may have; but the guardian may, if he so desires, at any time have the custody of her person . By support I mean boarding and clothing also.''

Bina Elizabeth Speers Makibben, when quite young, became the legally adopted child of Mrs. Speers, and lived with and was cared for by the latter for eight years before her death, which occurred when the child was ten years of age. During those eight years Mrs. Speers clothed, schooled, and maintained Bina at her own expense, bestowing on her all the affection and care that a devoted mother would manifest for her own daughter. Indeed, all the wants of the child were generously supplied. She was given lessons in music and taught other accomplishments that appertain to those who are accustomed to move in the best social circles; it being the evident purpose of Mrs. Speers to spare neither time nor money in fitting her for the station in life she designed her to occupy and otherwise ministering to her happiness. Having had the care of Bina so long, Mrs. Speers must be presumed to have learned what it would cost to properly support her during the years of her minority and complete her education. With all this in mind, she bequeathed to her executors, for the support and education of her adopted daughter, $10,000, in addition to the $10,000 they were directed by the will to pay her upon her arrival at 21 years of age. The father of Bina died before her adoption by Mrs. Speers. From his estate she received $2,500 in money, which went into the hands of her statutory guardian, one Charles W. Nagel, in whose care and custody she remained from the death of Mrs. Speers until she became 21 years old.

The guardian caused her to be carefully educated,

sending her to a female college at Winchester, Ky., and to a college at Oxford, Ohio, and during her minority clothed and otherwise provided for her in a manner comporting with her station in life. The cost of thus educating and maintaining his ward required an average expenditure of not less than $930 per year, or a total of $8,064 for nine years. These expenditures for and on her account were paid by the executors of Mrs. Speers out of the $10,000 set apart by her will for that purpose. Because of objection on the part of the trustees of the Speers Hospital, the executors after October, 1904, refused to apply any more of this fund to the support or education of Bina Elizabeth Speers Makibben, and this action was instituted by the guardian, August 11, 1905, to recover of them, for the ward's benefit, the sum of $865.04, alleged to have been expended by him as guardian for her board, clothing, and education October 1, 1904, and June 1, 1905. The trustees of the Speers Hospital were also made parties to the action as defendants because of the provisions of Mrs. Speers' will, which requires what may be left of the $10,000 set apart for the support and education of Bina Makibben to become a part of her general estate, and devoted to the maintenance of the Speers Hospital.

Before appellants filed answer to the petition. the guardian filed an amended petition, setting up an additional claim of $99.64 for expenditures made for the support of his ward from June 1 to August 1, 1905, and for this additional amount judgment was also asked against the executors. It was also averred in the amended petition that the ward became 21 years of age shortly after the institution of the action. By another amended petition, later filed, the plaintiff

asked judgment against the executors for the further sum of $557.22, claimed as compensation due the guardian at the rate of $50 per year between the date of Mrs. Speers' death and that of the arrival of his ward at the age of 21 years for labor and service performed by him in caring for his ward, supervising her expenditures, and liquidating her bills; it being averred that the labor and services were performed and rendered at the request of and by agreement with the executors, and that the compensation claimed had been allowed by the judge of the Campbell county court. By yet another amended petition it was again alleged that Bina E. S. Makibben became 21 years of age shortly after the institution of the action; that she adopted the averments of the original and amended petitions, and in her own right joined in the prayer of each for the relief sought. Special and general demurrers were filed to the petition as amended, by the trustees of the Speers Hospital, both of which were overruled. Thereafter, on motion of appellees, the action was dismissed as to the trustees of the Speers Hospital.

The special demurrer raised the question of the guardian's capacity to sue. It was properly overruled. When the action was instituted the ward was still an infant, and, this being true, the action had to be brought by the guardian. The ward was properly joined as a plaintiff, and when later she became 21 years of age she had the right to unite in the action and participate in the further prosecution of the case in her own right as she was permitted to do. That fact, however, did not require the dismissal of the guardian from the action, or exclude him from having determined therein the question of his compensation for services rendered his ward or former ward. The

action having been properly commenced by him as guardian, and his right to the compensation therein claimed being asserted against the fund out of which she was entitled to be supported and educated, and being for services rendered in furtherance of the object for which the fund was provided, made it necessary to settle in the one case, and in connection with her claim against that fund, the question of whether his services should be paid out of the same fund. Moreover, he had not, previous to the institution of the action made a final settlement of his accounts as guardian, and the matter of his compensation had to be determined before a final settlement with his ward could be made by him. Under such circumstances he was not required to bring a separate action for the compensation claimed by him.

The general demurrer filed by the trustees of the Speers Hospital was also properly overruled, for the petition states a good cause of action. The claim it asserts is sustained by the provisions of Mrs. Speers' will. The answer of the executors admits Bina E. S. Makibben's right to be supported and educated out of the fund set apart by the will for that purpose, and it does not deny the correctness of the claims upon which she and the guardian sue. The answer gives, as a reason for the refusal of the executors to pay them as they had previously paid similar claims, that the trustees of the Speers Hospital objected to their doing so. Although the action had been dismissed by the court as to the trustees of the Speers Hospital, the answer of the executors was made a cross-petition against them, and to that they filed answer denying the authority of the executors to pay appellees' claim, or at any time to use more than the income of the fund provided by the will for the support and educa-

tion of Bina Makibben. This pleading seems also to have been treated as an answer to appellees' petition as amended, for the latter filed a demurrer to it, which was sustained by the lower court.

The will of Mrs. Speers gives her adopted daughter a sum of money sufficient for her support and education until she arrives at 21 years of age, or marries, and directs her executors to set apart $10,000 which they are to hold and control for that purpose. It will be observed that the language of the will does not restrict the executors to the use of the income of this fund for the support and education of the beneficiary. On the contrary, they were directed to use for her support and education whatever part of it they might deem sufficient for the purpose, even the whole of it, if necessary. The only restriction is that they were not to use more than the $10,000 for her benefit. If the entire fund was not required for the support and education of the beneficiary, the will directs what shall be done with what remains. "Any balance that may remain of said fund after the execution of said purpose shall become a part of my general estate." This language of the testatrix indicates that she believed the whole of the fund would probably be consumed in maintaining and educating her adopted daughter. She intended that Bina should be liberally maintained and thoroughly educated, without encroaching upon the little patrimony of $2,500 in the hands of her guardian. Manifestly her affection and solicitude for Bina did not end with this provision for her support and education, for she added the further generous gift of $10,-000, to be paid her upon reaching womanhood. The confidence of Mrs. Speers in the integrity and prudence of her executors is shown by the fact that the will requires of them neither bond or security for

the performance of their duties. Having left the control of the fund for the support and education of Bina Makibben, and its appropriation to her needs, wholly in the hands and discretion of her executors, their application of it to her use for the purposes indicated by the will cannot be questioned by the trustees of the Speers Hospital, in the absence of a charge of bad faith or an abuse of the discretion on their part. The answer of the trustees contains no such charge, but merely alleges that the authority of the executors under the will went no farther than to expend the income of the fund in question for the support and education of the beneficiary. The answer presented no defense to the action. Therefore the demurrer to it was properly sustained. Nevell v. Dunaway, 86 S. W. 514, 27 Ky. Law Rep. 679.

It is alleged in the petition that the expenditures for which judgment was asked against the executors were such as they have repeatedly paid for the support and education of Bina Makibben, and that they were necessary and reasonable in price. This is not denied by the answer of the executors, and our examination of the accounts and vouchers satisfies us of its truth. We are of opinion, therefore, that in adjudging their payment out of the fund provided for that purpose by the will of Mrs. Speers the lower court did not err; hence we find no cause to disturb the judgment on the grounds, or any of them, urged by the executors and trustees of the hospital on this appeal. There is no question of the right of the executors to use the entire fund for such expenditures as appear to have been made for Bina Makibben, without regard to the small property received by her of her father's estate; and, in view of the generous provision made for her by the will of Mrs. Speer, we do

not think it was incumbent upon the guardian to require her to earn any part of her support.

As to the claim of the guardian for compensation at the hands of the executors, it is sufficient to say that the services charged for were rendered at the instance of the executors and under an agreement made by them with the guardian that they would compensate him therefor. The services were such as had to be performed by some one for and on behalf of the ward. The executors could not perform them themselves. Manifestly they should have been rendered by some one sustaining a close relation to her, who would have been interested in her welfare, careful of her comfort, and prudent in the expenditures required. For these reasons no better agent could have been selected by the executors than the guardian. The services rendered should have been paid for out of the fund provided for the support and education of the ward. The charge is reasonable, and the claim was approved by the county court. For merely managing and investing the small amount received by his ward from her father's estate the guardian was compensated by the commission thereon allowed by law; but such commission was wholly inadequate to compensate him for services rendered the ward and executors in carrying out the provisions of Mrs. Speers' will with respect to her maintenance and education. As compensation to the guardian for the services in question was promised by the executors in advance of their performance, and the expense, in our opinion, should be paid out of the fund provided for the support and education of the ward, it was not error for the court below to allow it.

The conclusions so far expressed in the opinion relieve us of the necessity of passing on other ques-

tions presented by the appeal.

Judgment affirmed.

Petition for rehearing by appellants overruled.