## Anderson v. Fowler, et al.

(Decided May 17, 1918.)

### Appeal from Union Circuit Court.

Officers—Ursurpation of Office—Action to Prevent.—An action to prevent the ursurpation of the office of county attorney, where no other person is entitled thereto, can only be brought by the Commonwealth's attorney; it cannot be brought by a private citizen.

TRUMAN DRURY for appellant.

EARL L. FOWLER, RUBY LAFFOON and N. POWELL TAYLOR for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Appellant J. H. Amberson, a private citizen proceeding in his own right and for the use and benefit of the Commonwealth, brought this action against the appellee Earl L. Fowler charging him with having usurped the office of county attorney of Union county.

As a basis for the charge of usurpation the petition alleges: (1) that Fowler was born January 4, 1894, and was less than 24 years of age when he was elected; (2) that at the time of his election he had not been a citizen and resident of Union county for two years, and was not so at the time the suit was filed on February 21, 1918; and, (3) that he was not a practicing lawyer of two years' standing when he was elected, and has never been legally admitted to practice law in Kentucky. It is further alleged that plaintiff, before the institution of this suit, requested N. Powell Taylor, the Commonwealth's attorney for the judicial district embracing Union county, to institute an action in the name of the Commonwealth against Fowler for usurping the office of county attorney, stating to the Commonwealth's attorney the grounds of usurpation as above stated, but that Taylor declined to bring the action; and for that reason he is made a party defendant to this action.

The plaintiff also filed as a part of the petition a certified copy of an order of the circuit court of Vanderburgh county, Indiana, showing that the defendant Fowler had been admitted to practice at that bar on September 11, 1916. The circuit court sustained a special demurrer to the petition and Amberson appeals.

Sections 483, 484, and 485 of the Civil Code of Practice read as follows:

"483. If a person usurp an office or franchise, the person entitled thereto, or the Commonwealth, may prevent the usurpation by an ordinary action.

"484. It shall be the duty of the several Commonwealth attorneys to institute the actions mentioned in this chapter against usurpers of county offices or franchises, if no other person be entitled thereto, or if the person entitled fail to institute the same during three months after the usurpation.

"485. For usurpation of other than county offices or franchises, the action by the Commonwealth shall be instituted and prosecuted by the Attorney-General."

It would seem that these explicit provisions of the code necessarily require an affirmation of the judgment since the right to prevent the usurpation of a county office is there confined to the person entitled to the office, or to the Commonwealth's attorney; a stranger cannot take that duty upon himself.

Appellant argues, however, that since the petition alleges that Fowler was elected county attorney there was no other person entitled to the office who could bring the suit; and, as the Commonwealth's attorney refused to proceed in direct violation of the statute, any citizen had the right to bring the action and the circuit court had jurisdiction of this action. This, however, by no means follows. The fact that a public officer declines to sue under authority expressly conferred upon him, does not transfer that right or duty to some one, or every one, who is not an officer.

Moreover, it is a well recognized legal principle that suits of this character should be brought by some public officer, or by some one personally interested in the office; and, when the legislature names the public officer who may bring the action, it necessarily excludes, by implication, the right of any other person to bring the action. If it were otherwise any office holder might be harassed by innumerable suits at the hands of some disappointed person, probably wholly irresponsible.

If the suit is brought by a private citizen he must show specifically his right to the office; otherwise he cannot maintain the action. This principle is thoroughly established in this jurisdiction. Wheeler v. Commonwealth, 98 Ky. 59; Tillman v. Otter, 93 Ky. 600, 29 L. R. A. 110; King v. Kahne, 27 Ky. L. R. 1080, 87 S. W. 807; Wilson v. Tye, 126 Ky. 24; Dorain v. Walters, 132 Ky. 54; Francis v. Sturgill, 163 Ky. 664. The special demurrer putting in issue appellant's right to maintain this action was properly sustained.

Judgment affirmed.