## Revis v. Daugherty, Attorney General.

(Decided October 8, 1926.)

### Appeal from Leslie Circuit Court.

Action—Court Held Without Jurisdiction of Petition Under Declaratory Judgment Act Brought Against State Attorney General to Determine when Election Should be had to Fill Vacancy in Office, where no Actual or Justiciable Controversy was Presented (Constitution, section 152; Declaratory Judgment Act, sections 2, 9).—Court held without jurisdiction of petition under Declaratory Judgment Act (Acts 1922, chapter 83), in view of sections 2 and 9, and brought against state Attorney General, presenting question whether a United States Senator was a state or federal official to determine whether there might be an election to fill vacancy of office of county sheriff, in view of Constitution, section 152, authorizing such election at same time at which a state office may be filled, since there was no actual justiciable controversy presented.

J. M. BICKNELL for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Reversing.

This action purports to be one brought under ''The Declaratory Judgment Act'' and was filed by the appellant, George W. Revis, in the Leslie circuit court against appellee, Frank E. Daugherty, Attorney General of the Commonwealth. The petition is a rare and unique document, and may be classed in what is ordinarily termed and understood as a ''legal curiosity.'' In substantiation of those statements we have concluded to insert it in

this opinion, and omitting the caption and signature it says:

"The plaintiff, George W. Revis, states that he was elected by a vote of the people, at the last general election, 1925, as sheriff of Leslie county, Kentucky, received a certificate of election, gave bond as such sheriff, and entered upon his official duties thereunder. He states that thereafter he was ousted from said office by a decision of the Court of Appeals of Kentucky, for failing to file his certificate of nomination in time, and he now holds said office under appointment until said vacancy can be filled according to law by election.

"Plaintiff states that section 148 of the Constitution of the state of Kentucky provides that county officers can not be elected in the same year in which members of the House of Representatives are elected, but that at such times state officers may be elected. Section 152 of said Constitution provides that a vacancy in a county office may be filled by election at the same time at which a state office may be filled.

"Plaintiff says that he is desirous of becoming a candidate for said unexpired term of said office, and that, inasmuch as both a member of the House of Representatives and a United States senator is to be elected at the November election, 1926, the crucial question is this: Is a United States senator to be considered a state officer or is he to be considered a federal officer as is a member of the House of Representatives, and can the present unexpired term of the sheriff's office in Leslie county, Kentucky, be filled at the general election in 1926, or shall the election to fill said unexpired term go over until 1927?

"Plaintiff alleges that the officials of this state and the attorneys of the bar are divided in opinion as to said question. He says that it is of great importance that said question be settled by the court of last resort, and therefore it is that he brings this action under chapter 83 of the Acts of 1922 for a declaratory judgment on said qquestion. Plaintiff consents to pay the costs of this action.

"Wherefore, he prays the judgment of the court determining the law as it applies to said question, and for all proper relief."

The statute under which the action was brought is chapter 83, Acts of 1922, page 235, and in its section 2 it is expressly provided that the remedy thereby created is not available unless "an actual controversy exists with respect thereto" (the question sought to be adjudicated); and its section 9 says: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a statute, the Attorney General of the state shall, before judgment is entered, be served with a copy of the petition, and shall be entitled to be heard, and if the ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the petition and be entitled to be heard." It will be observed from the inserted petition that there was no controversy pending either between plaintiff and defendant or any other person. It is not even averred that plaintiff entertains any belief or makes any contention as to whether a United States senator is or not a state officer, which was the question submitted to the court for determination; nor does it anywhere appear that the defendant, the Attorney General for the Commonwealth, took issue with him upon that question. It is not shown (nor could it have been) that the defendant as such officer or otherwise has any duties to perform with reference to plaintiff's desire to become a candidate at the approaching November election for the office of sheriff of Leslie county. Moreover, it will be seen from section 9, *supra*, that the Attorney General as such is not required to be made a party to the proceeding, but only in certain cases, of which this is not one, he shall be furnished a copy of the petition and then he is vested with the right to appear and be heard.

Clearly, for there to be a controversy of any character there must be a contention on one side and a counter one on the other, and it is equally clear that to give the court jurisdiction under the act such controversy must be a justiciable one, which it is the duty of plaintiff to manifest by appropriate averments in his petition. To render the controversy, if one, justiciable plaintiff should aver his legal rights in the premises and that defendant claims other or contrary rights or occupies some official relation thereto with imposed duties which if exercised

would impair, thwart, obstruct or defeat plaintiff in his rights. · Nothing of the kind is averred as against the alleged defendant, the Attorney General of the Commonwealth; nor, indeed, could there have been,·since nowhere in the act or any other statute or in the Constitution is he given any· official duties pertaining to the question presented for determination. 'If he was required to print the ballots and to put thereon the names of the candidates' properly certified to him as such, and plaintiff had made such certification with a refusal on the part of defendant to print his name on the ballot, either upon the ground that a United States senator was a federal instead of a state officer, or any other ground, then there would arise not only an actual controversy but also a justiciable one which the court could consider and determine in this character of proceeding. But nothing of the kind was averred, nor indeed could it have been, and plaintiff may not convert his academic question into a justiciable one by inserting the name of the Attorney General after "Vs." in the caption of his petition as a defendant therein without some averment bringing the case within the class of submissions contemplated and required by the statute. See Shearer v. Backer, 207 Ky. 455. So far as a legal presentation of the question is concerned the plaintiff had as well made the Governor of the Commonwealth or any other officer of the state, or of any county therein, or any individual that might be found therein, a defendant in his alleged petition. . As drawn, it is of no more legal efficacy than would have been a letter written to the judge of the court to obtain his opinion upon a purely academic question. · .

The Attorney General so construing and understanding the petition did not appear, although summoned, nor make any character of 'defense, and the court submitted the cause on nothing but the allegations of the petition, and proceeded to adjudge and declare that a United States senator was not a state officer but a federal one, and that under the provisions of section 152 of the Constitution there could be no election in November, 1926, to fill the vacancy of the office of sheriff of Leslie county. But since there was no actual justiciable controversy presented by the petition the court was without jurisdiction to entertain it or to adjudge the academic question submitted. For the same reason are we without jurisdiction to do so on this appeal.·

The court should have dismissed the petition for want of jurisdiction, and for its failure to do so the judgment is reversed, with directions to proceed in conformity herewith.