## Wegener v. Wehrman.

March 10, 1950.

William D. Cochran, Special Judge.

446

Stuard Wegener for appellant.

Wm. J. Deupree, Charles S. Adams and Sawyer Smith for appellee.

JUDGE LATIMER—Affirming.

Appellant brought this action against William E. Wehrman, Judge of the Kenton County Court, seeking forfeiture of office on the ground that the Judge had violated Section 30.150 of the Kentucky Statutes. The charge was: practicing a civil action in the Kenton Circuit Court to recover damages on behalf of a widow who had been appointed administratrix in the Kenton County Court. The defendant demurred specially on the ground that the plaintiff lacked capacity to maintain the action. The matter was submitted to Judge William D. Cochran, Special Judge. The demurrer was sustained. After plaintiff declined to plead further, the action was dismissed. From that order this appeal is prosecuted.

Since the special demurrer was sustained on the ground that plaintiff lacked capacity to maintain the action, it will be unnecessary here to consider or discuss other questions raised by appellant. We will, therefore, direct our attention only to the question of the capacity of appellant to maintain the action.

We must first determine whether or not the question is of purely public concern, and then whether or not appellant's interest in the right asserted differs from that of the public generally. In 39 Am. Jur., Parties, Section 11, the general rule is stated: "Public wrongs or neglect or breach of public duty cannot be redressed at a suit in the name of an individual or individuals whose interest in the right asserted does not differ from that of the public generally, or who suffers injury in common with the public generally, * * *."

Here we have a constitutional officer whose duties have been regulated by the Legislature and whose office may be forfeited under enumerated specific grounds.

Section 227 of the Constitution authorizes, without other legislation, an indictment against the officers named therein, which includes the County Judge, for misfeasance, malfeasance in office, or willful neglect in discharge of official duties. For a discussion of the 1919 amendment to Section 227 as it affects procedure for forfeiture of office, see Holliday v. Fields, Governor, 210 Ky. 179, 275 S. W. 642, 643.

However, we are not here concerned with any required procedure for forfeiture other than the right of appellant to maintain such an action. It will be observed that we have here a constitutional officer elected for a term. Any forfeiture of such constitutional office is a matter of public concern.

We held in Commonwealth ex rel. Attorney General v. Howard, 297 Ky. 488, 180 S. W. 2d 415, that an attorney general lacked capacity to bring a civil action to remove a constitutionally elected officer, and further held that an action to remove an officer, whose term of office is created by the Constitution, cannot be prosecuted in any way other than the method of removal as provided and set out in the Constitution.

In Jenkins v. Congleton, 242 Ky. 46, 45 S. W. 2d 456, 457, it is said: "The generally recognized rule that quo warranto proceedings or the substituted statutory proceedings are the exclusive method of determining the right to hold and exercise a public office is founded upon considerations of policy and necessity. It would be detrimental to the public welfare and highly inexpedient that title to a public office should be put in question whenever any private citizen sees fit to make the assault. Under the rule a public office may not be the subject-matter of private litigation at the instance of one who has no interest therein, which differs from that of every other member of the public. In Anderson v. Fowler, supra (180 Ky. 587, 203 S. W. 322), it was said: 'It is a well-recognized legal principle that suits of this character should be brought by some public officer, or by some one personally interested in the office; and, when the legislature names the public officer who may bring the action, it necessarily excludes, by implication, the right of

any other person to bring the action. If it were otherwise, any office holder might be harrassed by innumerable suits at the hands of some disappointed person, probably wholly irresponsible. If the suit is brought by a private citizen, he must show specifically his right to the office; otherwise he cannot maintain the action. This principle is thoroughly established in this jurisdiction.''

To allow individuals, feeling themselves aggrieved, to bring civil actions against such an officer, would subject that officer to multitudinous suits at the whims of individuals and would result in a disintegration of our system of government.

We conclude that since appellant's interest in the right asserted does not differ from that of the public generally, the court below properly sustained the special demurrer.

The judgment is affirmed.