STEPHENSON, Justice,
dissenting.
From a reading of the majority opinion, as it applies to Tabler v. Wallace, I conclude that this is an opinion of great significance to bench and bar. The significance that I attach to the opinion is not in what it says, but in what it does not say.
The issue upon which this case was decided by the Court of Appeals and this court was not presented to the trial court; thus, it was not preserved for appellate review. In reversing the trial court, the Court of Appeals carefully avoided saying that the trial court was in error. Instead, in an obscure footnote, the Court of Appeals refers to arguments about non-preservation, etc., and concludes the arguments are not persuasive. This elevates judicial obfuscation to new heights. The record is clear that the issue was not presented to the trial court. Wallace does not argue otherwise. Apparently, considering that an obscure footnote is a proper judicial burial place for a well-established rule of law, the majority opinion, by footnote, observes that the Court of Appeals ruled adversely to the claim that the constitutional issue was not preserved; then, like Pon-tius Pilate, the majority washes its hands of the issue by saying we express no opinion on the preservation.
I daresay the reader of the majority opinion would discern through the judicial fog that there was some issue about preservation in the Court of Appeals, and it was not worthy of further comment.
Towards the end of the majority opinion, it is stated: “We may not countenance an evasion or even an unintentional avoidance of our fundamental law.” This is a lofty sentiment about the constitution and should apply equally to a rule of law on preservation of issues for appellate review.
This noble sentiment will be small comfort to those members of the bar who have *189 lost in this court and the Court of Appeals for the reason that an issue was not preserved.
The language “not preserved for appellate review” is to be found in a multitude of opinions but, apparently now and in the future, we will be treated to a selective system of application of the rule. When it feels good, the rule can be ignored in an obscure footnote.
In this court, the lawyer for Wallace makes the strange argument that somehow this issue could not be presented to the trial court until after judgment (the issue was not presented after judgment either). In General Electric v. Nucor, the issue was presented to the trial court, thus preserving it.
Manifest injustice is also argued, but not why we should invoke this principle. Presumably, Wallace will feel distressed, but this is not enough. Wallace’s lawyer should have raised the issue if he wanted us to consider it.
Another facet of the nonpreservation issue is the deliberate flaunting of a legislative mandate. Having more than a passing interest in maintaining the validity of legislative enactments, the Legislature enacted KRS 418.075, the relevant portion of which provides:
... In any proceeding which involves the validity of a statute, the attorney general of the state shall, before judgment is entered, be served with a copy of the petition, and shall be entitled to be heard, and if the ordinance or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the petition and be entitled to be heard.
Thus, the Legislature has dictated that the Attorney General shall have a right to be heard before judgment when there is an attack upon the constitutionality of a statute. This seems reasonable to me, and this court has consistently required compliance with the statute, Revis v. Daugherty, 215 Ky. 823, 287 S.W. 28 (1926); Jefferson Fiscal Court v. Trager, 300 Ky. 606, 189 S.W.2d 955 (1945); and Dewey v. Allinder, Ky., 469 S.W.2d 548 (1971).
Also, this court decided that the proposition was important enough to be incorporated into our Rules. Thus, CR 24.03 provides in relevant part:
... When the constitutionality of an act of the General Assembly affecting the public interest is drawn in question in any action to which the State or an officer, agency, or employee thereof is not a party, the movant shall serve notice of the motion upon the Attorney-General.
There is no pretense in Tabler that there was compliance with either statute or rule. The Attorney General was notified after judgment and after the notice of appeal to the Court of Appeals was filed. Understandably, he declined to intervene. No doubt he made the quaint assumption that the Court of Appeals would follow the statute, the cases based thereon, and our rules. For some strange reason, the Court of Appeals was not persuaded that the matter was unpreserved. The majority opinion does not even consider this proposition worthy of a footnote. Undoubtedly, this passing over of a failure to follow the statute or the rule in the trial court is due to the fact that there cannot be any reasonable explanation why the proposition can be considered by this court. If the majority believes we should be perfectly flexible and choosey in preservation of arguments, it should so state. The record is there for anyone to see.
In matters of this importance, the reasons for not following the rule on preservation should be spelled out so that the bar will have some indication of the circumstances in which this rule will be applied in the future. The trial court had no opportunity to rule on the issue. The judgment of the trial court should be affirmed and the Court of Appeals reversed.
Accordingly, I dissent from the holding in Tabler v. Wallace.
VANCE and WINTERSHEIMER, JJ., join in this dissent.