William J. CURRY, Individually and as Executor of the Estate of Edward G. Curry; Nannette Curry Jensen; James E. Curry; and Margaret Curry, Appellants,

v.

Dr. Carolyn M. COYNE, in her Official Capacity as Deputy Medical Examiner for the Justice Cabinet; and Ed Bowling; in his Official Capacity as Coroner of Laurel County, Appellees.

No. 1997–CA–000868–MR.

Court of Appeals of Kentucky.

Nov. 6, 1998.

Rehearing Denied Jan. 8, 1999.

Steven A. Goodman, John J. McLaughlin, Stephanie L. Morgan, Goldberg & Simpson, Louisville, for appellants.

Lucy B. Richardson, Deputy General Counsel, Frankfort, for appellees.

Before EMBERTON, HUDDLESTON and KNOX, Judges.

## OPINION

HUDDLESTON, Judge.

William J. Curry, individually and as Executor of the Estate of Edward G. Curry, Nannette Curry Jensen, James Curry, and Margaret Curry (collectively the Appellants) appeal from a Laurel Circuit Court order and judgment that dismissed their complaint seeking a declaratory judgment against Dr. Carolyn M. Coyne, in her official capacity as Deputy Medical Examiner for the Justice Cabinet, and Ed Bowling, in his official capacity as Coroner of Laurel County (collectively the Appellees). We affirm.

On December 1, 1993, Edward G. Curry, a seventy-five year old male, died as a result of a gunshot wound to the chest. The weapon used was a .38 caliber Smith and Wesson (a hammerless handgun which requires double action to fire). The decedent's wife and housekeeper heard a popping noise and discovered the decedent in the bedroom of his home with a gunshot wound to the chest. The decedent was described by his family as an experienced gun enthusiast. Deputy Medical Examiner Dr. Coyne concluded that the decedent died as a result of a self-inflicted gunshot wound. Dr. Coyne based her determination on several factors: (1) evidence that the decedent and no one else fired the handgun; (2) evidence of a contact entrance wound; (3) a statement by the decedent at the scene to "let me die"; (4) the decedent's medical condition at the time of his death; (5) the decedent's attested knowledge about handguns; and (6) the type of weapon used. A police report was prepared and a weapons expert examined the gun for a possible misfire or other defects. Based upon the evidence available to him, Coroner Bowling concluded and noted on Curry's death certificate that the cause of death was a gunshot wound and the manner of death was suicide.

Appellants sued for declaratory relief. In their complaint, Appellants sought a judgment that the cause of Edward G. Curry's death was an accident rather than suicide. They alleged that Coroner Bowling and Deputy Medical Examiner Coyne failed to conduct an adequate investigation.

Ky.Rev.Stat. (KRS) 418.040 allows a plaintiff to seek a declaration of rights when an actual controversy exists. When a motion to dismiss a complaint seeking a declaration of rights is filed, the question presented to the circuit court is not whether the plaintiff will ultimately prevail, but rather whether the complaint states a cause of action for declaratory relief. *City of Louisville v. Stock Yards Bank & Trust Co.*, Ky., 843 S.W.2d 327, 328 (1992). The complaint must be construed in the light most favorable to the plaintiff and all allegations taken as true. *Whittington v. Whittington*, Ky.App., 766 S.W.2d 73, 74 (1989). Therefore, the only issue before this Court is whether the circuit court erred when it determined that Appellants' complaint fails to state a cause of action for declaratory relief.

Appellants argue that a justiciable controversy exists because there is a presumption against suicide and, therefore, citizens have a right to expect the coroner will not identify a family member's cause of death as suicide without first conducting an exhaustive investigation. Appellants contend that by not conducting a thorough investigation of the decedent's death, the Appellees violated their rights. They claim that a thorough investigation would have shown that the decedent's death was an accident rather than suicide. Appellants argue that their complaint for declaratory relief states a cause of action because their rights were violated as a result of the Appellees' failure to conduct an investigation sufficient to overcome the presumption that the decedent did not commit suicide. Appellants' ultimate goal is to obtain a judicial determination of what constitutes a proper coroner's investigation.

To justify an action for declaratory relief there must be a real or justiciable controversy involving specific rights of the parties. *HealthAmerica Corp. of Kentucky v. Humana Health Plan, Inc.*, Ky., 697 S.W.2d 946, 948 (1985). A justiciable controversy does not include questions "which may never arise or which are merely advisory, or are academic, hypothetical, incidental or remote, or which will not be decisive of any present controversy." *Dravo v. Liberty Nat'l Bank & Trust Co.*, Ky., 267 S.W.2d 95, 97 (1954). "A mere difference of opinion is not an actual controversy . . . ." *Jefferson County v. Chilton*, 236 Ky. 614, 33 S.W.2d 601, 605 (1930) (citations omitted).

Courts are not available for the settlement of arguments or differences of opinions, but adjudicate actual controversies involving legal rights. *Kelly v. Jackson*, 206 Ky. 815, 268 S.W. 539 (1925). Appellants argue that they have a legal right to a presumption that the decedent's death did not result from suicide. This argument is without merit. A coroner's investigation is not an adversarial proceeding, and his conclusion as to the cause of death is but a mere expression of opinion. *Kentucky Home Mut. Life Ins. Co. v. Watts*, 298 Ky. 471, 183 S.W.2d 499 (1944). Accordingly, presumptions against suicide cannot be held to apply to such proceedings. Neither this Court nor the circuit court is qualified or authorized to determine what constitutes a proper coroner's investigation. Such a determination amounts to nothing more than an advisory opinion. In the absence of a justiciable controversy, the circuit court lacked jurisdiction to decide the issue raised in the complaint. *Revis v. Daugherty*, 215 Ky. 823, 287 S.W. 28 (1926).

The order and judgment dismissing Appellants' complaint is affirmed.

All concur.