RENDERED:  OCTOBER 13, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0881-MR

MATT E. MINIARD                                                      APPELLANT


v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE JULIE M. GOODMAN, JUDGE
ACTION NO. 22-CI-01250


HEATHER SILVANIK; ALLEN
CARTER; ANGIE QUIGLEY;
BARBARA BENTLEY; BRENT
BARTON; CHRISTOPHER ROWE;
AND JOHN JAMES                                                       APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Matt Miniard ("Miniard") appeals from the Fayette Circuit

Court's order dismissing his complaint for failure to state a claim upon which relief

can be granted under CR 12.02(f).[1]  Finding no error, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

# BACKGROUND

Miniard is a former elected board supervisor of the Fayette County Conservation District ("FCCD").[2] Appellees, with one exception, are also board supervisors.[3] On May 5, 2022, Miniard filed a declaratory judgment action in Fayette Circuit Court alleging harassment and Civil Rights violations against appellees, among other things. Appellees moved to dismiss the complaint pursuant to CR 12.02(f). Following a hearing, the trial court granted the motion, finding Miniard's complaint failed to state a claim upon which relief could be granted.

While the trial court's written order did not explain its reasoning, at the hearing on the motion, the court held Miniard's claims were not proper subjects for a declaratory judgment action, and he had not stated a valid discrimination claim. The court noted potential separation of powers issues, as many of Miniard's claims asked the court to instruct supervisors of the FCCD, an administrative body, how to do their jobs. Ultimately, the court dismissed Miniard's claim without prejudice. This appeal followed.

---

[2] Miniard was removed as a board member on June 6, 2023, by vote of the board.

[3] Appellees are John James, Allen Carter, Christopher Rowe, Barbara Bentley, Angie Quigley, Brett Barton, and Heather Silvanik. Silvanik is not a board member but is employed by Fayette County Soil and Water Conservation District as Director of Operations.

## STANDARD OF REVIEW

"A motion to dismiss for failure to state a claim upon which relief may be granted admits as true the material facts of the complaint[]" and should not be granted "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (internal quotation marks and citations omitted).  Because a motion to dismiss for failure to state a claim is a question of law, we review the issue *de novo.  Id.*  Further, "[w]hen a motion to dismiss a complaint seeking a declaration of rights is filed, the question presented to the circuit court is not whether the plaintiff will ultimately prevail, but rather whether the complaint states a cause of action for declaratory relief." *Curry v. Coyne*, 992 S.W.2d 858, 859 (Ky. App. 1998) (citing *City of Louisville v. Stock Yards Bank & Trust Co.*, 843 S.W.2d 327, 328 (Ky. 1992)).

## ANALYSIS

As an initial matter, Miniard's brief contains multiple deficiencies, including the lack of an argument section with ample references to the record and citations to authority and the lack of a statement of preservation, in violation of the Kentucky Rules of Appellate Procedure 32(A)(4).  However, as Miniard is a *pro se* litigant, and procedural rules are often construed liberally in their favor, we

exercise our discretion to ignore the deficiencies and review the merits of the appeal. *See* RAP 31(H).

On appeal, Miniard does not address the trial court's dismissal under CR 12.02(f). Instead, he essentially copies and pastes his complaint, listing twenty-four numbered allegations (more if subparts are considered) against appellees, and requests this Court make a declaration of rights concerning each.[4] However, "under KRS 418.040, the circuit court, not the Court of Appeals is the appropriate forum in which to seek a declaration of rights." *Courier-Journal and Louisville Times Co. v. Peers*, 747 S.W.2d 125, 126 (Ky. 1988). As a Court of appellate jurisdiction, Section 111(2) of the Kentucky Constitution, our review is limited to determining whether the trial court erred in dismissing Miniard's declaratory judgment action under CR 12.02(f).

Miniard's numerous allegations can be grouped into civil rights violations, claims of harassment, and grievances against his fellow board

---

[4] Miniard's brief also makes a request for a "CR 65 permanent injunction providing consequential relief" but does not develop this argument or specifically state what behavior he seeks to have enjoined. This request was also not made to the trial court, so we decline to address it here. *See Fischer v. Fischer*, 348 S.W.3d 582, 588 (Ky. 2011), *as modified* (Sep. 20, 2011), *abrogated on other grounds by Nami Res. Co., L.L.C. v. Asher Land & Min., Ltd.*, 554 S.W.3d 323 (Ky. 2018) ("[S]pecific grounds not raised before the trial court, but raised for the first time on appeal will not support a favorable ruling on appeal."). Miniard also alleges the trial court violated his due process rights by failing to issue a declaration of rights, but he does not develop this argument or cite any authority in support. It is not the function of an appellate court to research and construct a party's legal arguments. *Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005). Further, "an alleged error may be deemed waived where an appellant fails to cite any authority in support of the issues and arguments advanced on appeal." *Id.* We consider Miniard's due process argument waived.

supervisors and board procedure. As to civil rights violations, the exact legal basis for Miniard's claim is unclear, as he simply cites the definition of discrimination in KRS 344.010(5). Regardless, the Kentucky Civil Rights Act[5] protects against discrimination from employers,[6] and Miniard's accusations pertain to his fellow elected officials. Further, the Civil Rights Act prohibits discrimination against members of a protected class, but Miniard makes no allegations of discrimination based on race, color, religion, national origin, sex, age, or disability. *See* KRS 344.020(1)(b).

Instead, Miniard says he was denied a committee position because he was not a farmer. He also claims Appellee Christopher Rowe "was [the] lead antagonist of . . . personal attacks on [Miniard] by other board members including . . . voting [Miniard] off of the board." Simply put, Miniard has not alleged facts sufficient to support a violation of the Kentucky Civil Rights Act and therefore was not entitled to a declaration that his rights had been violated.

The same holds true for his harassment claims. Miniard seeks a declaration of rights that he was harassed under KRS 525.070(1)(c) and (e), which provides:

---

[5] Kentucky Revised Statutes (KRS) 344.010 *et seq.*

[6] The Act also prohibits discrimination in other circumstances, not applicable here, such as employment agencies (KRS 344.050), labor organizations (KRS 344.060), and discrimination in apprenticeships (KRS 344.070).

(1) A person is guilty of harassment when, with intent to intimidate, harass, annoy, or alarm another person, he or she:

. . .

(c) In a public place, makes an offensively coarse utterance, gesture, or display, or addresses abusive language to any person present

. . .

(e) Engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose[.]"

Miniard alleges Appellee Rowe "attacks" him by countering everything he tries to do as a board member, Appellees Allen Carter and Barbara Bentley act like children during board meetings, snickering and chuckling at him, and appellees threatened to vote down any action he tries to take as a board member.

KRS 525.070(1)(c) requires that the harassment occur in a public place, defined as "a place to which the public or a substantial group of persons has access[.]" KRS 525.010(3). Here, Miniard's allegations concern either private conversations with other board supervisors or FCCD meetings conducted over video chat. Miniard has not claimed any of the alleged harassment took place in a public place as defined by statute.

Further, Miniard has not sufficiently alleged appellees engaged in a course of conduct or repeatedly committed acts of harassment as required under

-6-

KRS 525.070(1)(e). Miniard claims that when he would not resign after being voted off the board, appellees told him they would vote down any action he attempted to take as a board member. He also contends Appellee Heather Silvanik "one time . . . pulled my 'plug' in [a] Zoom meeting [and] another time . . . 'muted' my abilities to participate in the meeting." These allegations concern singular acts, not a course of conduct.

Moreover, under KRS 525.070(1)(e) the harassment must serve no legitimate purpose. Most of Miniard's claimed harassment is simply disagreements with his fellow board supervisors about FCCD matters. Thus, it cannot be said the alleged acts served no useful purpose. In sum, Miniard's allegations do not meet the standard of harassment, therefore the trial court did not err in dismissing his claim for declaratory relief.

Finally, Miniard claims he was entitled to a declaration of rights on multiple other issues. Essentially, he asks this Court, as he did the trial court, to adjudicate his personal grievances with the FCCD board supervisors and operations. For instance, he seeks an opinion as to why Appellee John James has two committee positions, and he has none. In another instance, Miniard asks us to declare he has the right to expose FCCD board supervisors' illegal actions, and elsewhere, the right to fire Appellee Silvanik.

However, Miniard's disagreements with other board supervisors are not proper subject matter for a declaratory judgment action. "Courts are not available for the settlement of arguments or differences of opinions, but adjudicate actual controversies involving legal rights." *Curry*, 992 S.W.2d at 860 (citing *Kelly v. Jackson*, 268 S.W. 539 (Ky. 1925)). We note that Miniard is no longer a member of FCCD's board, therefore there is no actual, existing controversy. "An actual, justiciable controversy is a condition precedent to an action under our Declaratory Judgment Act." *Cameron v. Beshear*, 628 S.W.3d 61, 68 (Ky. 2021) (internal quotation marks and citations omitted); *see also Foley v. Commonwealth*, 306 S.W.3d 28, 31 (Ky. 2010) (emphasis added) (citation omitted) ("An actual controversy for purposes of the declaratory judgment statute, requires a controversy over *present* rights, duties, and liabilities . . . .").

Further, even assuming an actual controversy, Miniard fails to develop or cite any authority in support of his arguments. Therefore, we decline to address any alleged error of the trial court in dismissing these claims. *See Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005) (citations omitted) ("[A]n alleged error may be deemed waived where an appellant fails to cite any authority in support of the issues and arguments advanced on appeal. . . . It is not our function as an appellate court to research and construct a party's legal arguments . . . .").

## <u>CONCLUSION</u>

Accordingly, the order of the Fayette Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Matt E. Miniard, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEES:

D. Barry Stilz
Lynn Sowards Zellen
Lexington, Kentucky