## MARTIN v. THOMPSON.

Court of Appeals of Kentucky.

Nov. 21, 1952.

E. B. Anderson and John B. Anderson, Owensboro, for appellant.

Norris B. Vincent, Owensboro, for appellee.

STEWART, Justice.

This appeal involves the propriety of an order of the Chancellor of the Daviess Circuit Court in sustaining a special and a general demurrer to appellant's petition and amended petition and in dismissing the two petitions when the latter refused to plead further.

The two pleadings recite, in substance, that appellant, a person having the necessary qualifications, was properly appointed by the State Board of Health as plumbing inspector for Daviess County, in which is located Owensboro, a city of the second class; that he duly qualified as such on January 1, 1951, and has acted continuously in this capacity since his appointment; that his duties, among other things, impose upon him the obligation of proceeding against persons who engage in or work at plumbing without a license, either as a master plumber or as a journeyman plumber; that appellee is, and has been since 1946, performing plumbing jobs in Daviess County, although he has never obtained a license to do such work; that appellant has made repeated efforts to prevent appellee from engaging in plumbing work until he procures a license to follow such a trade, as required by law; and that all of his endeavors have failed to put an end to appellee's continued violation of the law by working as a plumber without a license. After setting forth grounds for injunctive

relief, he asked that appellee be permanently restrained from further engaging in plumbing in Daviess County unless he is legally licensed to follow this trade.

It is contended the special demurrer was properly sustained, first, because appellant had no legal capacity to maintain this action and, second, because the court had no jurisdiction of the subject matter of the suit. It is next insisted the general demurrer was correctly sustained, because the petition and amended petition did not state a cause of action.

KRS Chapter 318 deals with the examination and registration of plumbers, provides for the appointment of a board of examiners and inspectors and relates to the supervision and inspection of plumbing and drainage installations in counties containing first or second class cities. The administration of the provisions of this chapter heads up under the State Board of Health, sometimes hereinafter referred to as "the board".

KRS 318.030 reads thus: "No person shall engage in or work at the trade of plumbing, either as a master plumber or a journeyman plumber, in any county containing a city of the first or second class, unless he has been licensed according to this chapter.".

KRS 318.090(1) is as follows: "The board shall appoint a county plumbing inspector and any deputy county plumbing inspectors that it considers necessary to carry out this chapter for each county containing a city of the first or second class."

KRS 318.990 is in this language: "Any person who violates any provision of this chapter shall be fined not less than ten dollars nor more than one hundred dollars or imprisoned not more than ninety days, or both."

The first question presented for determination is a procedural one, that is, whether appellant is vested with sufficient power to enforce by injunctive process in Daviess County obedience to the provisions of the foregoing chapter, particularly KRS 318.030 thereof. It is claimed that appellant's interest does not differ from that of

the public generally and, therefore, he has no legal authority to prosecute this action. To resolve this proposition we must decide whether or not the Legislature has clothed a county plumbing inspector with the legal capacity to redress a public wrong such as the one involved in this case. That the Legislature may prescribe by whom actions are maintainable to compel observance of certain requirements of law affecting the public welfare is clearly settled in this jurisdiction. See Kentucky State Board of Dental Examiners v. Payne, 213 Ky. 382, 281 S.W. 188, 189.

In the Payne case an action was brought by the Kentucky State Board of Dental Examiners, consisting of five practicing dentists, to enjoin Payne from the practice of dentistry without a license. There, as here, it was insisted the dental board had neither the authority nor the legal capacity to sue. Sections 2636–1 to 2636–22, Carroll's Kentucky Statutes, 1922 Edition (now KRS Chapter 313), provided for the examination, licensing and regulation of dentists practicing in this state and the suit was cast under this Act. The enactment set up a dental board, as we have mentioned, "whose duty it shall be to carry out the purposes and enforce the provisions of this act." We quote from Section 2636–1 of the Act. Construing the language of the last-mentioned section, this Court concluded in the Payne opinion that it was the intention of the Legislature to vest, and the Legislature did vest, the five members of the dental board with full authority to enforce the provisions of the law pertaining to the practice of dentistry by whatever lawful means they might employ to that end.

■ In the instant case the State Board of Health has appointed a plumbing inspector "to carry out this chapter", KRS Chapter 318, in Daviess County. We are unable to distinguish the Payne case in principle from the one under consideration because of the almost exact phraseology employed in each Act on the point under examination. In the former, five persons were empowered "to carry out" the act applicable to the practice of dentistry; in the latter, one person has been vested with the authority "to carry out" the act

having to do with the regulation of the plumbing trade. Accordingly, we conclude the Legislature intended that a county plumbing inspector should have full power to enforce compliance in Daviess County with KRS Chapter 318 and to resort to such lawful methods as may be necessary for this purpose.

■ Appellee next asserts that the Chancellor also properly sustained the special demurrer on the ground that a court of equity has no jurisdiction of the subject matter of this action, for the reason that it is criminal in its nature and there is an adequate remedy at law. Specifically, appellee claims that appellant seeks to restrain him from committing an act which amounts to a crime, particularly a crime that is defined by KRS 318.990, which section provides a penalty for its violation, and that the injunctive process may not be employed for this purpose. This argument is not a new one, and it has been definitely answered many times in cases involving this precise question. In the Payne case, we had this to say on this subject: "The statute (section 2636–18, supra) involved here is not purely a criminal one. It was enacted, as we have seen, under the police power of the state and in furtherance of a wholesome public policy. The purpose was not to create a crime, but to provide for the public welfare. The criminal feature was only intended as a deterrent and a partial restraint, and was inserted for the purpose of admonishing the practitioner that he must comply with the salutory terms of the statute, and which compliance was the chief purpose in enacting the statute, the penal section being merely incidental and collateral thereto; hence the board, by the express terms of the statute, was given power to enforce its provisions. Manifestly the Legislature did not intend to limit the means of enforcement to the small and insignificant penalty provided in section 18 (section 2636–18) of the act. The board could make little progress towards enforcing the act, if it was confined to prosecutions to recover the small penalties. If an arrest was made and the highest penalty administered, the practice could be resumed, and, perhaps, many times the amount of

the penalty could be collected from ignorant and confiding patrons until the second violation was discovered, if at all, and in the meantime the mischief intended to be prevented would continue unabated." See also Hobson v. Kentucky Trust Company of Louisville, 303 Ky. 493, 197 S.W.2d 454.

We therefore hold that the court erred in sustaining the special demurrer. The petition together with the amended petition set forth all the facts essential to the stating of a cause of action, as a study of it clearly indicates. Accordingly, the general demurrer was also improperly sustained.

Wherefore, the judgment is reversed with directions that both demurrers be overruled and for further proceedings consistent with this opinion.