Charles FISH, Appellant,

v.

Claude "Buddy" ELLIOTT, Individually, etc., et al., Appellees.

Claude "Buddy" ELLIOTT, Individually, etc., et al., Cross-Appellants,

v.

Charles FISH, Cross-Appellee.

Court of Appeals of Kentucky.

July 22, 1977.

Edwin Morton White, Chewning, White & Underwood, Hopkinsville, for Claude Elliott.

Wilburn C. Keith, W. Douglas Myers, Keith & Myers, Hopkinsville, for Charles Fish.

Before COOPER, LESTER and WHITE, JJ.

COOPER, Judge.

This appeal arises from a suit filed by the appellant, Charles Fish, against the City Judge, the Mayor, and the Board of Trustees of the City of Oak Grove, Kentucky. The specific allegations were that the Board of Trustees did not publish financial statements for the City of Oak Grove pursuant to KRS 424.220; that they had not adopted and published a budget pursuant to KRS 424.240; that they had enacted an ordinance providing for a license fee which did not conform to the requirements of KRS 92.330; that they had not advertised for bids to obtain facilities for the City Hall pursuant to KRS 424.260; and, that the defendants had improperly set attorney fees pursuant to KRS 69.550 and KRS 64.-580. Both parties appeal from a summary judgment which held that the City of Oak Grove must publish a financial statement and a budget, but dismissed the other allegations in the complaint.

The first issue raised by the cross-appellant is whether the appellant has standing to bring the action. A portion of 42 Am. Jur.2d *Injunctions* § 179 at 949 reads as follows:

. . . in the absence of statute, private citizens or corporations must possess something more than common concern for obedience to law before they will be permitted to maintain injunction suits against public officers. A private person who wishes to restrain an official act must allege and prove damage to himself different in character from that sustained by the public generally. The reason for the rule rests in the sound public policy of protecting the public corporation or its officers from a multiplicity of suits.

The Supreme Court of Kentucky has consistently held that naked municipal citizenship is not sufficient to confer standing to challenge an official act of municipality. In the case of *Carrico v. City of Owensboro,* Ky., 511 S.W.2d 677 (1974), the Court held that Carrico did not assert his claim on the basis that he would sustain some injury which was special or peculiar to himself. In the absence of that assertion the Court held

that he lacked standing to bring suit. The Court further held that the assertions of Carrico did not show that the acts he sought to prohibit were prejudicial to his rights as a taxpayer or would result in loss to the municipality. The Court held that those assertions were essential to sustain his standing to sue. In the case of *Wegener v. Wehrman,* 312 Ky. 445, 227 S.W.2d 997 (1950), the Court held that the appellant's interest in a right asserted had to differ from the public generally. In the case of *York v. Chesapeake & Ohio Railroad Company,* 240 Ky. 114, 41 S.W.2d 668 (1931), the Court required that there be an allegation and proof that the plaintiff would suffer some injury distinct from that of the general public before he could have standing to enjoin an official act.

■ There are no remedial provisions in the statutes allowing a citizen to contest the improper payment of fees to a city employee. Where no statute confers this standing and where the complaint does not allege and no proof shows a special or peculiar injury to the complainant, those charges must be dismissed by the court. The record is totally void as to the residence, status, citizenship, or interests of the appellant much less what peculiar or special injury he may have suffered as a result of the actions of the appellees. Consequently, the court properly dismissed the allegations of improper payments of fees to the city attorney.

■ The Court of Appeals has held that the legislature may, by statute, confer standing on individual citizens. *Martin v. Thompson,* Ky., 253 S.W.2d 15 (1952); *Kentucky State Board of Dental Examiners v. Payne,* 213 Ky. 382, 281 S.W. 188 (1926). The balance of the allegations in appellant's complaint, which we outlined in the beginning of this opinion, have a statutory remedy provided by the legislature which confers standing on citizens of the governmental unit to bring actions to compel adherence to the law.

KRS 424.990 states as follows:

"Any person who violates any provision of KRS 424.110 to 424.370, shall be fined

not less than fifty dollars ($50.00) nor more than five hundred dollars ($500.00). In addition, any officer who fails to comply with any of the provisions of KRS 424.220, 424.230, 424.240, 424.250, 424.290, or 424.330 shall, for each such failure, be subject to a forfeiture of not less than fifty dollars ($50.00) nor more than five hundred dollars ($500.00) in the discretion of the court, *which may be recovered only once, in a civil action brought by any citizen of the city, county or district for which the officer serves.* (emphasis ours) The cost of all proceedings, including a reasonable fee for the attorney of the citizen bringing the action, shall be assessed against the unsuccessful party.

KRS 92.340 states as follows:

"If, in any city of the second to sixth class, any city tax revenue is expended for a purpose other than that for which the tax was levied or the license fee imposed, each officer, agent or employee who, by a refusal to act could have prevented the expenditure, and the members of the city legislative body who voted for the expenditure, shall be jointly and severally liable to the city for the amount so expended. The amount may be recovered of them in an action upon their bonds, or personally. *The city attorney shall prosecute to recover all such actions. If he fails to do so for six (6) months after the money has been expended, any taxpayer may prosecute such action for the use and benefit of the city.* (emphasis ours) A recovery under this subsection shall not bar a criminal prosecution under subsection (5) of KRS 92.990. Any indebtedness contracted by a city of the second to sixth class in violation of this subsection or of KRS 92.330 or 92.360 shall be void, the contract shall not be enforceable by the person with whom made, the city shall never assume the same, and money paid under such contract may be recovered back by the city.

 Clearly standing is conferred, by these statutes, on citizens of the governmental unit to enforce by suit the requirements of the law. However, the question here is whether a citizen in a suit against a municipality must allege and prove, if denied, his citizenship in those instances where the statutes confer on citizens or taxpayers of a governmental unit the standing to bring the suit. The Supreme Court of the United States has held that there must be a logical nexus between the status asserted and the claim sought to be adjudicated, and that the taxpayer must establish a logical link between that status and the type of legislative enactment attacked before the taxpayer may have standing to bring suit. *Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Where the legislature provides that a citizen of a governmental unit may bring suit to compel adherence to the law by that unit, the logical nexus and the logical link between the taxpayer and the official act is provided by the legislature. No peculiar interest or damage need be alleged or proven by that citizen to gain standing to bring a suit contesting the official act. After a reading of the remedial statutes quoted above, which among other things state that recovery for violation of the statute may be recovered only once, it would seem that the legislature intends that the certainty of one's citizenship and consequent standing be clearly established. The nexus of one's relationship to the governmental unit, therefore, should be on the face of the pleading. The record in the instant case contains no allegations whatever which would give the Court any indication as to the residence or citizenship of the appellant and that, consequently, he has statutory standing pursuant to KRS 424.990 and KRS 92.340.

We hold that in the absence of these proper allegations, the lower court should have dismissed appellant's entire complaint for lack of jurisdiction.

Because of this disposition we do not discuss the other issues raised by the parties.

The judgment of the Christian Circuit Court is reversed with directions for further proceedings consistent with this opinion.

All concur.