CITY OF ASHLAND; Rudy Dunnigan, Mayor; Pete Gute, Commissioner; Kevin Gunderson, Commissioner; Paul Reeves, Commissioner; and Mike Stewart, Commissioner, Appellants,

v.

ASHLAND F.O.P. #3, INC., Appellee.

No. 93–SC–882–DG.

Supreme Court of Kentucky.

Oct. 27, 1994.

Richard W. Martin, III, Ashland, for appellants.

Roger W. Hall, Hall, Howell & Sergent, P.S.C., Ashland, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which upheld a summary judgment determining that an Ashland city ordinance was invalid insofar as it required new city employees to reside within the city from and after March 1, 1992.

The principal issues are whether the Ashland F.O.P., Inc. has standing to bring this action and whether KRS 15.335 is applicable, and if so, whether it is special legislation. Other issues and arguments will be addressed as we reach them in this opinion.

In 1992, the City of Ashland, a city of the second class, adopted a city ordinance which required all new employees to be residents of the city or to become residents during a probationary period. The ordinance provided for an exception in the event of extraordinary circumstances and with the prior approval of the city commission. The Ashland F.O.P. # 3, Inc. immediately challenged the validity of the ordinance in circuit court and was granted a summary judgment. The Court of Appeals affirmed the decision of the circuit court. We granted discretionary review.

The Ashland F.O.P. # 3, Inc. had standing to initiate this lawsuit. The decisions of the circuit court and the Court of Appeals were proper in that respect.

In order to have standing in a lawsuit "a party must have a judicially recognizable interest in the subject matter of the suit." *Healthamerica Corp. v. Humana Health Plan*, Ky., 697 S.W.2d 946 (1985). The interest of a plaintiff must be a present or substantial interest as distinguished from a mere expectancy. *Winn v. First Bank of Irvington*, Ky.App., 581 S.W.2d 21 (1979). The issue of standing must be decided on the facts of each case. *Rose v. Council for Better Education, Inc.*, Ky., 790 S.W.2d 186 (1989); *City of Louisville v. Stock Yards Bank & Trust*, Ky., 843 S.W.2d 327 (1992). Simply because a plaintiff may be a citizen and a taxpayer is not in and of itself sufficient basis to assert standing. There must be a showing of a direct interest resulting from the ordinance. *Cf. Carrico v. City of Owensboro*, Ky., 511 S.W.2d 677 (1974); *York v. Chesapeake & Ohio Railroad Co.*, 240 Ky. 114, 41 S.W.2d 668 (1931).

The Ashland F.O.P. # 3, Inc. is a nonprofit organization consisting of a majority of the city police officers. The stipulations in the record at oral argument before the Court of Appeals indicate that about 80 percent of the Ashland police officers live within the city limits. The circuit judge found as a fact that the police, as well as all the other citizens of the city had sufficient standing because the nature of police work was such that the lodge members had a real and substantial interest in who became future employees and in the employee pool from which the city would hire police. The trial judge made an oral finding which was not later reduced to writing that he had been convinced by the argument of the F.O.P. # 3 that the opportunities for hiring qualified police officers increased as the number of potential applicants increased. Police officers and the citizens of the community trust their safety to officers on a daily basis and consequently both groups would have a substantial interest in the pool of applicants. Such an interest conferred standing on the police association because, according to stipulation, it represented the majority of city police.

The Court of Appeals held that the circuit judge was not clearly erroneous in his finding of fact, and consequently affirmed pursuant to CR 52.01 and CR 52.04. We find no reason to disturb the decision of the Court of Appeals in that respect. The determination of standing by the trial judge was not based on mere speculation or expectancy, but on a

reasoned conclusion arising from the arguments presented to him.

 We must now consider the argument by the city that KRS 15.335 has been repealed by implication by the enactment of KRS 61.300(2). We do not agree. The adoption of KRS 61.300(2), as amended in 1990, created an exception to the "no residency requirement" of KRS 15.335. As a matter of legislative history, KRS 95.440 was amended in 1985 to delete the requirement of county residency which in effect would resurrect KRS 15.335. *See Bogard v. Commonwealth,* Ky.App., 687 S.W.2d 533 (1984). KRS 61.300, as amended, provides a county residency requirement for deputy sheriff, deputy constable, patrol or other nonelective peace officers or a deputy peace officer.

The county residency requirement of KRS 61.300(2), does not apply to Ashland police officers. That statute does not conflict with KRS 15.335, but as noted by the circuit judge "merely carved out an exception." KRS 15.335 was not repealed by implication in KRS 61.300(2). The argument by the city regarding the interpretation of *Commonwealth v. Boarman,* Ky.App., 610 S.W.2d 922 (1981) is not persuasive.

KRS 15.335 is not special legislation and is constitutional. The statute does not violate Section 59 of the Kentucky Constitution.

 *Schoo v. Rose,* Ky., 270 S.W.2d 940 (1954), requires that legislation 1) apply equally to all in a class, and 2) have reasons to support the classification. KRS 15.335 applies to all police officers throughout the Commonwealth and not just those in the City of Ashland. The reasons to support the classification have been enunciated by the circuit judge to the effect that the safety of the police requires the most competent and qualified individuals available from the largest possible applicant pool. Although this is a specific reason particular to members of the police department as distinguished from the general concern of the citizenry at large, it still meets the test of a reason to support the classification.

Any additional notice to the Attorney General is not required by the statute and the Court of Appeals is reversed on the question of remand. The F.O.P. was not estopped from challenging the residency provision of the ordinance as previously discussed in this opinion.

It is the holding of this Court that the Ashland F.O.P. # 3, Inc. has standing to bring the action, and that KRS 15.335 is valid and has not been repealed by implication by KRS 61.300(2) and is not special legislation.

The decision of the Court of Appeals is affirmed in part and reversed in part. The summary judgment of the circuit court is reinstated.

All concur.