Eric C. DETERS; Jerry Zimmerer; Rhonda McCafferty; May Lou Kaub; Erica Deters; Charlie Ann Deters; and Parker Deters, Appellants,

v.

KENTON COUNTY PUBLIC LIBRARY; Milton Maines; John Toelke; Allen Thomas, Jr., Anthony Durso; and Louis Schultz, Appellees.

No. 2004–CA–001562–MR.

Court of Appeals of Kentucky.

July 8, 2005.

Eric C. Deters, Independence, KY, for appellants.

Gerald F. Dusing, Mary Ann Stewart, Jennifer L. Langen, Covington, KY, for appellees.

Before KNOPF, TAYLOR, and VANMETER, Judges.

## OPINION

VANMETER, Judge.

This is an appeal from an order entered by the Kenton Circuit Court dismissing appellants' claim, as citizen taxpayers, seeking equitable and injunctive relief relating to the purchase of real estate by the Kenton County Public Library Board. As we agree with the court's determination that appellants lack standing, we affirm.

After considering various possible locations, in 2004 the Board selected a site for the construction of a new library in Independence, Kentucky. Evidently the family of appellant Eric Deters owned one of the other sites which was considered but ulti-

mately rejected by the Board. On April 21, 2004, Deters filed a complaint and motion against the Board and its individual members, challenging the Board's selection of a site, and seeking "injunctive and equitable relief prohibiting the closing of the contract" for the site's purchase. His various claims included assertions that the Board failed to act in the best interest of taxpayers, and that the Board signed a contract to purchase the real estate "without proper authority, without holding a public hearing for receiving public comment and in violation of statutory provisions relative to meetings of public authorities and for making such a purchase."

Although the parties refer to an amended complaint and a second amended complaint which Deters apparently filed or tendered to the court, the record available to us on appeal contains neither document. In any event, appellees filed a motion seeking dismissal of the claim, asserting that Deters and any other appellants lacked standing to bring the action as they "have alleged no special or peculiar injury which would entitle them to challenge" the Board's action. The court dismissed the action for lack of standing, and this appeal followed.

As stated in *Fish v. Elliott*,[1] there must be "an allegation and proof that the plaintiff would suffer some injury distinct from that of the general public before he could have standing to enjoin an official act." Moreover, a party's interest in the lawsuit's subject matter must be "judicially recognizable,"[2] as well as "a present or substantial interest as distinguished from a mere expectancy."[3]

1. 554 S.W.2d 94, 96 (Ky.App.1977), *citing York v. Chesapeake & Ohio Railroad Company*, 240 Ky. 114, 41 S.W.2d 668 (1931). *See also Carrico v. City of Owensboro*, 511 S.W.2d 677, 679 (Ky.1974).

2. *City of Ashland v. Ashland F.O.P. # 3, Inc.*, 888 S.W.2d 667, 668 (Ky.1994), citing *Heal-* *thamerica Corp. v. Humana Health Plan*, 697 S.W.2d 946 (Ky.1985).

3. *City of Ashland*, 888 S.W.2d at 668, citing *Winn v. First Bank of Irvington*, 581 S.W.2d 21 (Ky.App.1979).

Here, although appellants evidently alleged in the amended pleadings that the new library site is not readily accessible "to the majority of taxpayers," such allegation was insufficient to demonstrate that appellants have standing based on "some injury distinct from that of the general public."[4] Moreover, standing was not created by any interest which the Deters family may have had in providing an alternate site for the library, as any such interest constituted nothing more than a mere expectancy rather than a "present or substantial interest."[5] Further, as noted by the trial court, the Board was not statutorily required to conduct a public hearing before entering into a contract for the purchase of real estate,[6] and there is no statutory procedure which vested appellants with the authority to challenge the Board's action. Finally, the circumstances of the fraud allegations were not stated with sufficient specificity to avoid dismissal.[7]

The court's judgment is affirmed.

ALL CONCUR.

---

4. *Fish*, 554 S.W.2d at 96.

5. *City of Ashland*, 888 S.W.2d at 668, citing *Winn v. First Bank of Irvington*, 581 S.W.2d 21 (Ky.App.1979).

6. *See* KRS 173.520; KRS 61.810(1)(b).

7. CR 9.02. *See Heltsley v. District No. 23, UMW*, 477 S.W.2d 134 (Ky.1971); *Scott v. Farmers State Bank*, 410 S.W.2d 717 (Ky. 1966); *Handy v. Warren County Fiscal Court*, 570 S.W.2d 663 (Ky.App.1978).