**TAX EASE LIEN INVESTMENTS 1, LLC, Appellant,**

v.

**COMMONWEALTH BANK & TRUST, et al., Appellees.**

No. 2011–SC–000277–DG.

Supreme Court of Kentucky.

Sept. 20, 2012.

Rehearing Denied Dec. 20, 2012.

William Edward Skees, P. Blaine Grant, Richard Eric Craig, Hayden, Craig & Grant, PLLC, Louisville, KY, Counsel for Appellant.

Donald Thomas Prather, Mathis, Riggs & Prather, PSC, Shelbyville, KY, Counsel for Appellees, Teretha M. Murphy and Commonwealth Bank & Trust, Co.

M. Thurman Senn, Morgan & Pottinger, PSC, Louisville, KY, Counsel for Appellee, Commonwealth Bank & Trust, Co.

Opinion of the Court by Justice SCOTT.

This case requires us to decide whether a mortgage lienholder has standing to object to an agreed judgment between the property owner and the purchaser of the property owner's delinquent property tax liens.[1] The Court of Appeals determined that the mortgage lienholder in this case (Appellee, Commonwealth Bank & Trust Company) *did* have standing to contest the Agreed Judgment between the property owner (Appellee, Teretha Murphy) and the owner of Murphy's delinquent property tax liens (Appellant, Tax Ease Lien Investments 1, LLC). We agree with the Court of Appeals and affirm.

## I. BACKGROUND

Tax Ease, pursuant to the statutory scheme provided by KRS Chapter 134,[2] purchased certificates of delinquency against real estate owned by Murphy. In October of 2009, Tax Ease initiated foreclosure proceedings in Shelby Circuit Court against Murphy to collect on her delinquent tax bills. Commonwealth Bank, as the owner of a mortgage lien against Murphy's property, was named as a defendant, and subsequently filed its answer and cross-claim, asserting its interest in Murphy's home.

Tax Ease and Murphy then entered into an Agreed Judgment settling Murphy's outstanding tax debt. The judgment awarded Tax Ease a monetary amount that included the principal balances owed, interest on the principal amounts, administrative fees, pre-litigation fees, actual and reasonable attorney's fees, legal expenses for a title search, and court costs and filing fees. However, Commonwealth Bank did not receive notice of the judgment until after it was entered by the court. Thus, it was unable to contest the reasonableness of the attorney's fees agreed to in the settlement.

Commonwealth Bank then filed a motion to vacate the judgment, arguing that the monetary amount awarded exceeded the amount permissible under KRS 134.452. The trial court, however, found in favor of Tax Ease, holding, in part, that Commonwealth Bank lacked standing to assert its motion.

The Court of Appeals subsequently reversed the trial court's judgment and held that Commonwealth Bank had first-party standing. According to the appellate court, because Commonwealth Bank suffered a direct financial injury as a result of the Agreed Judgment, it was entitled to contest the amount awarded. After we granted discretionary review, Commonwealth Bank moved to dismiss the appeal as moot; arguing that no present controversy existed because Tax Ease's claim had been settled in full. However, we denied the motion in order to address the

---

1. All other matters have been settled by payment.

2. KRS Chapter 134 establishes a scheme whereby private entities may purchase uncollected, delinquent ad valorem property taxes at full value from local governments. In return, these private entities receive a lien on the property with "priority over any other obligation or liability for which the property is liable." KRS 134.420. They also receive the right to charge interest on the delinquent taxes and the right to collect attorneys' fees in connection with enforcement of the liens. KRS 134.125, KRS 134.452.

merits of this case because the matter is capable of repetition yet evading review.

Further facts will be developed as needed for our analysis.

## II.  ANALYSIS

■  Tax Ease asserts that the Court of Appeals wrongfully applied first-party standing analysis because Commonwealth Bank is attempting to assert Murphy's rights.  Tax Ease also argues that Commonwealth Bank did not have third-party standing to contest the Agreed Judgment. Because we conclude that Commonwealth Bank had first-party standing, we affirm the Court of Appeals and, therefore, do not reach Tax Ease's third-party standing argument.

■  "Standing may be conferred by statute or it may exist by reason of judicial recognition of a particular relationship between a person and an actionable controversy." *In re Pappas Senate Comm.*, 488 N.W.2d 795, 797 (Minn.1992) (internal citation omitted); *see also Pa. Nat'l Mut. Cas. Ins. Co. v. PWAB*, 552 Pa. 385, 715 A.2d 1068, 1074 (1998) ("Standing may be conferred by statute or by having an interest deserving of legal protection.").  Commonwealth Bank's interest in the outcome "must be ... present or substantial" rather than just a "mere expectancy." *City of Ashland v. Ashland F.O.P. # 3, Inc.*, 888 S.W.2d 667, 668 (Ky.1994) (internal citation omitted).  "Additionally, there must have been shown a causal relationship between [Commonwealth Bank]'s alleged injury and the activity about which it complains." *Associated Indus. of Ky. v. Commonwealth*, 912 S.W.2d 947, 951 (Ky.1995) (quoting *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).

■  Whether standing exists "must be decided on the facts of each case." *City of Ashland*, 888 S.W.2d at 668 (citing *Rose v. Council for Better Educ.*, 790 S.W.2d 186 (Ky.1989)).  Because we are deciding an issue of law, we review *de novo*. *Nash v. Campbell Cnty. Fiscal Court*, 345 S.W.3d 811, 816 (Ky.2011) ("Issues of law are reviewed de novo by a reviewing court.").

We hold that Commonwealth Bank has first-party standing in this case for two reasons.  First, the legislature has conferred standing upon Commonwealth Bank as a lienholder of the property.  KRS 426.006 states, in pertinent part, that "[t]he plaintiff in an action for enforcing a lien on property shall state in his petition the liens held thereon by others...."  Here, Commonwealth Bank, as mortgagee of the property, was a lienholder at the time Tax Ease filed suit and, pursuant to KRS 426.006, Tax Ease named Commonwealth Bank as a defendant in the lawsuit.

Second, Commonwealth Bank has a present interest in the Agreed Judgment because it suffered a direct financial injury as a result of its existence.  Under KRS 134.420(3),[3] the state's tax lien is superior to Commonwealth Bank's recorded mortgage lien.  Thus, by purchasing the certificate of delinquency, Tax Ease acquired a lien that is superior to Commonwealth Bank's lien.  The award of attorneys' fees and costs—an amount which Commonwealth Bank contends is unreasonable—increases the amount of Tax Ease's lien, and consequently impairs Commonwealth Bank's mortgage security.  Accordingly, the reduction of Commonwealth Bank's security interest in the property is an injury that merits its right to participate in the necessary determination.  As a result, we

---

**3.**  KRS 134.420(3) states, in pertinent part: "The lien ... shall have priority over any other obligation or liability for which the property is liable."

hold that Commonwealth Bank has standing to contest the Agreed Judgment.

### III. CONCLUSION

For the foregoing reasons, we affirm the Court of Appeals and hold that Commonwealth Bank has standing to contest the monetary amount awarded in the Agreed Judgment. Because we find for Commonwealth Bank, we see no reason to address its other arguments. Further, remand to the trial court is now unwarranted because a controversy no longer exists.

All sitting. All concur.