# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: OCTOBER 23, 2014
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000154-MR

FINAL

DATE 11-13-14 ᛅᚢᚢᚩᛏᛅᚱ·

COMMONWEALTH OF KENTUCKY,
DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL;
FREDERICK HIGDON, COMMISSIONER; AND
TONY DEHNER, DISTILLED SPIRITS ADMINISTRATOR          APPELLANTS


ON APPEAL FROM COURT OF APPEALS
CASE NO. 2013-CA-001927-OA
V.          PULASKI CIRCUIT COURT CASE NO. 13-CI-00872


HONORABLE DAVID A. TAPP,
JUDGE, PULASKI CIRCUIT COURT          APPELLEE

AND


CITY OF SOMERSET, KENTUCKY; AND
NICK BRADLEY, SOMERSET ALCOHOLIC
BEVERAGE CONTROL ADMINISTRATOR          REAL PARTIES IN INTEREST



**MEMORANDUM OPINION OF THE COURT**

**DENYING PETITION FOR WRIT OF PROHIBITION**

The Department of Alcoholic Beverage Control seeks a writ of prohibition
to block the trial court from proceeding with the underlying declaratory-
judgment action. The underlying action involves a controversy over the proper
roles cities and the Department play in the process of distributing licenses to
sell alcohol. The City of Somerset argues the Department usurped its
statutorily defined role. In defense, the Department counters that Somerset's

action violates Kentucky's constitutional separation of powers or, alternatively, is moot.

The Department fails to prove the necessary elements for a writ of prohibition so we decline to interpose such an extraordinary remedy.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Somerset, through a local-option election under Kentucky Revised Statutes (KRS) 242.125, approved the sale of alcoholic beverages. Following the election, Somerset enacted ordinances regulating the activity. The Department, under KRS 241.060, determined that Somerset was entitled to five retail-package liquor licenses and issued a notice to the public of their availability.

Fourteen businesses applied for the five licenses. In his discretion, Tony Dehner, the Department's Distilled Spirits Administrator, awarded the five licenses. Somerset then sued the Department seeking to increase the city's license allotment. Eventually, however, that lawsuit was dismissed through an agreement by both parties to resolve Somerset's concerns through the administrative process. The Department increased Somerset's allotment by amending its regulations. But Somerset's win was short-lived because the General Assembly's Administrative Regulation Review Subcommittee declined to approve the amended regulations providing a license increase.[1] The ARR Subcommittee found the proposed regulations were deficient under

---

[1] KRS 13A.290 requires review and approval by the Administrative Regulation Review Subcommittee.

KRS 13A.335. In light of this determination, the Department amended its regulations to: (1) automatically set a city's quota following a vote to authorize the sale of alcoholic beverages; (2) provide a three-year moratorium for any additional quota license increases; and (3) provide a detailed procedure to govern requests for additional quota licenses.

Again, Somerset sued the Department, this time seeking declaratory and injunctive relief. In Somerset's estimation, the Department arbitrarily enforced regulations concerning license allotments and, by approving applications for state licenses before the city administrator approved applications, violated KRS 243.370. The Department responded by moving to dismiss Somerset's suit premised largely on separation of powers and the absence of proper standing by the city. The trial court denied the Department's motion, and this writ action followed in the Court of Appeals.

The Court of Appeals denied the Department's writ request because the Department failed to show the trial court was without subject-matter jurisdiction. According to the Court of Appeals, Somerset's declaratory-judgment action was appropriately within the trial court's province regardless of whether the injunctive relief sought by Somerset could actually be granted without violating Kentucky's strong doctrine of separation of powers. Further, the Court of Appeals noted that the Department's standing argument was insufficient for a writ to issue because there was an available remedy through appeal.

3

## II. ANALYSIS.

When ruling on a writ petition, we must first determine if the writ is appropriate. Only if the writ is appropriate do we look to the merits of the petition to determine the soundness of the trial court's decision. The decision whether to issue a writ always lies within this Court's discretion.[2] Truly a remarkable remedy, a writ action commands conservative use of that discretion "to prevent short-circuiting normal appeal procedure[.]"[3] Accordingly, a writ should issue only:

> [U]pon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if petition is not granted.[4]

Essentially, writs are divided into two classes. Here, the Department presents an argument under both classes. The Department first argues the trial court is without jurisdiction to proceed. And, in the alternative, even if the trial court has jurisdiction, the Department argues it would be improper to proceed because Somerset lacks standing. Because jurisdiction and standing are questions of law, our review is de novo.[5]

---

[2] *Hoskins v. Maricle*, 150 S.W.3d 1, 5 (Ky. 2004) (citation omitted).

[3] *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961).

[4] *Hoskins*, 150 S.W.3d at 10.

[5] *See Tax Ease Lien Investments 1, LLC v. Commonwealth Bank & Trust*, 384 S.W.3d 141, 143 (Ky. 2012) (noting that standing is a question of law subject to de novo review); *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004) (highlighting de novo review is typically appropriate under the first class of writs because jurisdiction is a question of law).

4

As we recently made clear in *Davis v. Wingate*,[6] the first class of writ does not require the showing of an irreparable injury or lack of adequate remedy by appeal. Rather, "[t]hose prerequisites apply only in the second class of writ actions—actions in which the trial court is allegedly erroneous but *within* its jurisdiction."[7]

In the context of writ actions, *jurisdiction* refers to subject-matter jurisdiction, meaning the authority not simply to hear "this case[,] but *this kind of case*."[8] A court only acts outside its jurisdiction, therefore, "where [it] has not been given, by constitutional provision or statute, the power to do anything at all."[9] KRS 418.040, governing declaratory judgment actions, "allows a claim for a declaration of rights to be brought in any court of record in the Commonwealth[;] . . . circuit courts are such courts of record."[10] Without a doubt, the trial court has jurisdiction over *this kind* of case.

The Department argues the trial court, because of Kentucky's strong doctrine of separation of powers, does not have the authority to grant the relief sought by Somerset, which is the authority to compel the Department to increase the city's license allotment. As accurate as this argument may be, it is immaterial to the trial court's subject-matter jurisdiction over Somerset's

[6] *Davis v. Wingate*, No. 2014-SC-000323-MR, 2014 WL 4160032 (Ky. Aug. 14, 2014).

[7] *Id.* at *2.

[8] *Daugherty v. Telek*, 366 S.W.3d 463, 466 (Ky. 2012) (internal quotation marks omitted).

[9] *Id.* at 467.

[10] *Davis*, 2014 WL 4160032 at *3 (citing KRS 23A.010(3)).

claim. KRS 418.040 makes clear that a "plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, *whether or not consequential relief is or could be asked.*"[11] The trial court's purported inability to grant the injunctive relief Somerset requests is not fatal to the viability of the overall claim under KRS 418.040. Again, as we pointed out in *Davis*,

> Frankly speaking, so long as the applicable law is followed, a litigant's choice to pursue a potentially hollow victory is not for us to consider here. We are not responsible for trying the case for the parties or ensuring the best litigation strategy. Instead, we are simply responsible for enforcing the law.[12]

The Department's writ petition must fail because the trial court *does* have subject-matter jurisdiction and is, therefore, not about to proceed outside its jurisdiction.

The Department's second argument proceeds under the second class of writ; that is, the trial court is acting erroneously within its jurisdiction. According to the Department, the trial court was erroneous in finding Somerset had standing to challenge the allotment of licenses. When operating under this class of writ, both irreparable injury and lack of an adequate remedy by appeal must be proven by the writ-seeking party.[13] Of course, we have considered writ actions despite "the absence of a showing of specific great and irreparable injury to the petitioner, provided a substantial miscarriage of justice will result

---

[11] Emphasis added.

[12] *Davis*, 2014 WL 4160032 at *4.

[13] *Hoskins*, 150 S.W.3d at 9-10.

6

if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration."[14]

The Department has failed to prove it lacks an adequate remedy by appeal. In point of fact, our case law demonstrates standing is a proper issue for appellate review on direct appeal.[15] While the cost or inconvenience of litigation may be objectionable to the Department, that objection, in and of itself, is not sufficient to justify a writ.[16] And, as correctly pointed out by the Court of Appeals, the exception mentioned above does not apply to the Department because "the exception allows a petitioner to avoid only the requirement of great and irreparable injury, not the requirement of lack of an adequate remedy by appeal."[17]

We admit that we may, in our discretion, "address the merits of the issue within the context of the petition for the writ[.]"[18] And the Department urges us to do so here because of the constitutional separation-of-power concerns presented. But it is equally true that we "may decline to [address the merits]

---

[14] *Bender*, 343 S.W.2d at 801.

[15] *See Bailey v. Preserve Rural Roads of Madison County, Inc.*, 394 S.W.3d 350, 355 (Ky. 2011).

[16] *See, e.g., Fritsch v. Caudill*, 146 S.W.3d 926, 930 (Ky. 2004) ("Inconvenience, expense, annoyance, and other undesirable aspects of litigation may be present, but great and irreparable injury is not.").

[17] *Com. of Kentucky, Dep't of Alcoholic Beverage Control, et al. v. Tapp, et al.*, No. 2013-CA-001927-OA at 6 (Ky.App. February 18, 2014) (order denying petition for writ of prohibition) (quoting *Indep. Order of Foresters v. Chauvin*, 175 S.W.3d 610, 617 (Ky. 2005)).

[18] *St. Clair v. Roark*, 10 S.W.3d 482, 485 (Ky. 1999).

on grounds that there is an adequate remedy by appeal."[19] So we decline the Department's invitation to wade into the deep, perhaps murky, water of this litigation at this juncture. The Department has offered little to persuade us that it will suffer any injury that cannot be fully remedied on appeal.

### III. CONCLUSION.

For the foregoing reasons, we deny the Department's petition for a writ of prohibition.

All sitting. All concur.

COUNSEL FOR APPELLANTS:

Peter Frank Ervin
Noelle Jill Bailey
Public Protection Cabinet

APPELLEE HONORABLE DAVID A. TAPP,
JUDGE, PULASKI CIRCUIT COURT:

David Austin Tapp
Judge, Pulaski Circuit Court

COUNSEL FOR APPELLEES CITY OF SOMERSET, KENTUCKY, AND NICK
BRADLEY, SOMERSET ALCOHOLIC BEVERAGE CONTROL ADMINISTRATOR:

Charles David Cole
Carrie E. D. Wiese
Derrick Thomas Wright
Sturgill, Turner, Barker & Moloney, PLLC

---

[19] *Id.*