RENDERED: FEBRUARY 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1508-MR

STEPHEN L. STRICKLIN                                APPELLANT


                APPEAL FROM JEFFERSON CIRCUIT COURT
v.                HONORABLE AUDRA J. ECKERLE, JUDGE
                       NO. 19-CI-401242


COMMONWEALTH OF KENTUCKY;
THE COUNTY OF JEFFERSON AND
LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT BY AND ON
RELATION OF WILLIAM L.
LANDRUM III, SECRETARY OF
FINANCE AND ADMINISTRATION
CABINET; KY LIEN HOLDINGS,
LLC; THE PANTHER TRUST;
UNKNOWN HEIRS AND DEVISEES
OF WEBB TAYLOR; UNKNOWN
SPOUSES OF HEIRS AND DEVISEES
OF WEBB TAYLOR; BLUEGRASS
LIEN BUREAU; SOUTHERN TAX
SERVICES, LLC; AND MBS
REMODELING LLC                             APPELLEES


OPINION AND
ORDER DISMISSING

** ** ** ** **

BEFORE: COMBS, EASTON, AND MᴄNEILL, JUDGES.

EASTON, JUDGE: The Appellant Stephen L. Stricklin ("Stricklin") is an attorney representing himself in this appeal of an order of distribution regarding a judicial sale of real property after a foreclosure action. Because Stricklin was not a party to the circuit court case with standing when the order appealed was entered, we dismiss the appeal.

## FACTUAL AND PROCEDURAL HISTORY

Webb Taylor owned the property at 1556 South Shelby Street in Louisville (the "Property"). When Webb Taylor died, he left a will, but his heirs cannot be located. For many years, the Property sat abandoned. It collected liens for unpaid taxes and for remediation due to property code violations. The structure on the Property was demolished in 2015, and the Commonwealth obtained another lien against the Property for the cost of the demolition.

In the meantime, Stricklin lived at 1550 South Shelby Street. He was interested in obtaining the Property. With the significant amounts of liens involved and the uncertain state of ownership of record, Stricklin was unsuccessful in his direct efforts to buy the Property. He decided to watch for the eventual foreclosure. Stricklin says he has saved about $50,000 to be able to purchase the property. Stricklin also claims to have paid taxes on the property since about 2015,

but the record contains no documentation of this. Stricklin also claims he took care of the Property after the demolition and put up a fence around it.

The Appellees (primarily "Jefferson County") filed a foreclosure action on August 23, 2019. Jefferson County filed a motion for judgment and order of sale with the circuit court on January 26, 2021. During the intervening years, the parties tried to find and serve, many by warning order, all the various lien holders, and possible heirs. Upon a favorable recommendation from the Jefferson County Master Commissioner, the circuit court signed the judgment and order of sale on April 6, 2021.

Appraisers were appointed according to local rule and statute, and the property was appraised for $30,000.00. The property was sold at a master commissioner sale on May 20, 2021. MBS Remodeling, LLC ("Purchaser") was the highest bidder at the sale and purchased the Property for $44,000.00. A Report of Sale was filed by the Master Commissioner's office on May 25, 2021.

On May 20, 2021, a representative of the Purchaser came to the Property and informed Stricklin that his employer had purchased the Property that morning at a judicial sale. Stricklin claims this was his first notice of the sale. There had been no posting of a notice of the sale at or near 1556 South Shelby Street (although the Master Commissioner documented a notice posted at her office at 815 W. Market Street some distance from the Property). The Master

Commissioner reported the sale was advertised in the Courier Journal. Information about the case and the sale also were advertised to be available electronically according to the May 20, 2021, notice of commissioner's sale which included a reference to www.jeffcomm.org and a statement that more details were available at the website.

On the same day as the sale, Stricklin filed an "Objection to the Judicial Sale and Motion to Reschedule in Accordance with Local Rules [("Objection")]." Along with his Objection, Stricklin filed several affidavits of his neighbors, who all attested that they did not see any notice of the upcoming Master Commissioner sale on or near the property.

Stricklin maintains he filed a motion to intervene, but no such motion appears in the record. Stricklin's Objection only mentions CR[1] 24. In his Objection, Stricklin makes several assertions that the Master Commissioner failed to follow various local rules, referred to as JRP.[2] Specifically, Stricklin complains primarily of a failure to post a notice of sale on or near the property (JRP 505), but he raised other concerns, such as the requirement for a timely Statement of Amount to be Raised (JRP 502).

---

[1] Kentucky Rules of Civil Procedure.

[2] Jefferson County Local Rules of Practice and Procedure.

With consideration of responses to Stricklin's Objection, the circuit court entered an order on July 9, 2021, stating: "The Objection to the Judicial Sale and Motion to Reschedule in Accordance with Local Rules filed by Stephen Stricklin shall be stricken from the Court record." Stricklin did not appeal this order, which may have been interlocutory in any event. He says he did not receive it.

In due course, the Purchaser's attorney filed a motion to confirm the sale, which was granted on August 31, 2021. Stricklin was listed on the distribution list for the Purchaser's motion. Stricklin did not file any objection to the confirmation motion, and Stricklin did not appeal the order confirming the sale.

Jefferson County later filed a motion for order of distribution of the sale proceeds on October 21, 2021. The Master Commissioner filed a report on this motion, recommending entry of the order with a few amendments regarding the proper amount of the sale costs. The circuit court entered the order of distribution on November 22, 2021. It is from this latest order Stricklin files this appeal, although he also mentions the prior order striking his Objection in his notice of appeal.

**STANDARD OF REVIEW**

Standing is a question of law and is reviewed *de novo*. *Tax Ease Lien Investments I, LLC v. Commonwealth Bank & Trust*, 384 S.W.3d 141, 143 (Ky.

2012).  Generally, the standard of review for confirming or vacating judicial sales is abuse of discretion.  *Gross v. Gross*, 350 S.W.2d 470, 471 (Ky. 1961).  "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."  *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

**ANALYSIS**

Stricklin argues the Master Commissioner did not comply with local rules to Stricklin's detriment and in violation of his rights.  We could address each of the rules arguments, including the question of whether emergency COVID-19 pandemic alterations to them were justified.  We need not engage in this academic exercise because Stricklin did not become a party to this case with standing to appeal the confirmation of the sale, which would have been the correct order to appeal but which Stricklin did not appeal.

Stricklin describes himself as interested in the Property by adverse possession.  Stricklin may have been in the process of creating such an interest, which requires possession for fifteen years.  *See Tarter v. Tucker*, 280 S.W.2d 150 (Ky. 1955).  Once Stricklin became aware of the sale of this Property, it was incumbent upon Stricklin to intervene in this case to become a party and establish his standing.  He did not do so by proper motion noticed for a hearing or otherwise in compliance with governing rules.  JRP 3; CR 5; CR 24.  Had he done so, he may

have had a right to appeal from the intervention decision. An appeal would be immediate for intervention of right or the appeal would have been proper when an appealable order (here the order confirming the sale) had been entered, if the intervention was permissive. *Ashland Public Library Bd. of Trustees v. Scott*, 610 S.W.2d 895 (Ky. 1981).

Pursuant to RAP[3] 3(A)(1): a notice of appeal shall be filed no later than 30 days from the date of notation of service of the judgment or order appealed from. RAP 2(A)(3) states: "The failure of a party to file timely a notice of appeal, cross-appeal, or motion for discretionary review shall result in a dismissal or denial." The order confirming the master commissioner sale was entered on August 31, 2021. No appeal was filed within thirty days of that entry.

An order confirming a master commissioner's sale is a final order which is subject to appeal. *U.S. Nat'l Bank Ass'n v. American General Home Equity, Inc.*, 387 S.W.3d 345, 349 (Ky. App. 2012). "If a party claimed a defect in the sale itself such as failure to advertise, failure to obtain the required appraisal or mistakes in the conduct of the sale, an appeal would be available from the order confirming the sale." *Id.* Stricklin did not file an appeal of the confirmation order. It was only after the order of distribution, which was entered on November 22, 2021, that Stricklin filed his notice of appeal.

---

[3] Kentucky Rules of Appellate Procedure.

Separate from the status as a party, the question of standing of a party "must be decided on the facts of each case." *City of Ashland v. Ashland F.O.P. #3, Inc.*, 888 S.W.2d, 667, 668 (Ky. 1994). In order to have standing, the interest in the outcome "must be . . . present or substantial" rather than "a mere expectancy." *Id.* While we discuss standing generally, it should be noted the issue here was Stricklin's failure to properly establish any standing in this record.

The United States Supreme Court has outlined three elements that are necessary to meet the constitutional minimum of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). First, there must have been suffered an "injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be 'likely' as opposed to merely 'speculative' that the injury will be redressed by a favorable decision." *Id.* at 560-61, 112 S. Ct. at 2136 (some quotation marks and citations omitted).

Stricklin did not have any legal title to the property, nor was he a lienholder. He was not named as a party to the foreclosure action because he had

no legal interest in the Property, despite his protests that he was an "open and obvious" possessor of the Property. His interest in the Property was a hopeful possibility, at best, as he stated he intended to purchase the Property at a judicial sale. Stricklin claims to have paid taxes on the Property, but he did not record any type of lien on the property. Had he done so, he may have properly participated in the foreclosure lawsuit.

Again, Stricklin did not properly intervene in this case to become a party to it. He did not attempt to appeal the confirmation of the sale. By the time distribution of proceeds was the issue for the circuit court, Stricklin had established no recognizable legal interest in that issue. Stricklin had no claims to any of the proceeds to be distributed from the judicial sale.

RAP 2(A)(2) states: "Upon timely filing of the notice of appeal from a final and appealable order on all claims in an action, all *parties to the proceedings* from which the appeal is taken . . . ." (Emphasis added.) "The term 'party' as used in CR 73.02(2) [now RAP 2(A)(2)] clearly means a party to the proceeding." *City of Louisville v. Christian Business Women's Club, Inc.*, 306 S.W.2d 274, 276 (Ky. 1957). If an appellant is not a party to the proceedings in the circuit court, he has no right to appeal from its decision. *Bartholomew v. Paniello*, 287 S.W.2d 616 (Ky. 1956). Stricklin was not a party to this action because he never actually intervened. This fact prevented him from showing any

standing, which is doubtful, to appeal the confirmation order, which he failed to appeal.

## CONCLUSION

Because Stricklin was not a party to the circuit court case with established standing to contest the distribution of the sale proceeds and because Stricklin did not appeal the appealable order confirming the sale of the subject property, this appeal is ORDERED DISMISSED.

ALL CONCUR.

ENTERED:  February 10, 2023__   _Kelly Mark Easton_

JUDGE, COURT OF APPEALS

BRIEF FOR APPELLANT:

Stephen L. Stricklin
Louisville, Kentucky

BRIEF FOR APPELLEES
COMMONWEALTH OF
KENTUCKY; THE COUNTY OF
JEFFERSON AND
LOUISVILLE/JEFFERSON
COUNTY METRO GOVERNMENT
BY AND ON RELATION OF
WILLIAM M. LANDRUM III,
SECRETARY OF FINANCE AND
ADMINISTRATIVE CABINET:

Michael B. Marks
Louisville, Kentucky